IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENN CROSS, as Next Friend of James Cross | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-07-CV-0285-BD |
| SENIOR LIVING PROPERTIES, LLC d/b/a CEDAR HILL HEALTHCARE CENTER | § § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Defendant Senior Living Properties, LLC d/b/a Cedar Hill Healthcare Center has filed a motion for summary judgment in this diversity action alleging medical negligence under Texas law. As the sole ground for its motion, defendant argues that plaintiff did not designate an expert witness prior to the November 21, 2007 deadline established by the court in its Initial Scheduling Order. Plaintiff counters that he designated Dr. R. Robert Ippolito, a plastic surgeon familiar with the care and treatment of wound infections, as an expert and provided defendant with a written report on May 21, 2007--*six months* prior to the expiration of the expert witness designation deadline. The motion has been fully briefed by the parties and is ripe for determination.

Although styled as a motion for summary judgment, the relief defendant seeks is more akin to a sanction for failure to timely disclose an expert witness. Under the federal rules:

> If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1). Rule 26(a) requires, *inter alia*, a party to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). Such disclosure must be accompanied by a written report, prepared and signed by the expert witness, containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the data or other information considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B). The court's scheduling order requires a party with the burden of proof on a claim or defense to designate expert witnesses and provide written expert reports by November 21, 2007. Init. Sch. Order, 4/24/07 at 2, ¶ 3; *see also* FED. R. CIV. P. 26(a)(2)(C) (disclosure of expert witnesses must be made "at the times and in the sequence that the court orders").

Defendant acknowledges that plaintiff timely served a written expert report as required by Fed. R. Civ. P. 26(a)(2)(B) and the Texas Medical Liability Act, Tex. Civ. Prac. & Rem. Code Ann. § 74.351. (*See* Def. MSJ at 4, ¶ 14).[1] Nevertheless, because plaintiff failed to formally designate

---

[1] In its reply, defendant argues for the first time that Dr. Ippolito's report does not comply with the requirements of Rule 26(a)(2)(B) because "[the] report does not state what he is being compensated, nor does his report state which cases, if any, he has testified as an expert at trial or by deposition." (Def. Reply at 2, ¶ 6). To the extent defendant seeks summary judgment on this ground, the court may not consider a new argument made for the first time in a reply. *See Ghoman v. New Hampshire Insurance Co.*, 159 F.Supp.2d 928, 936 n.9 (N.D. Tex. 2001) (Kaplan, J.), *citing Senior Unsecured Creditor's Committee of First RepublicBank Corp. v. FDIC*, 749 F.Supp. 758, 772 & n.21 (N.D. Tex. 1990) (Fitzwater, J.).

his expert in a separate pleading or notice, defendant contends that plaintiff should not be permitted to present any expert testimony or evidence at trial. Without such evidence, defendant correctly argues that plaintiff cannot prove his medical negligence or gross negligence claims. *See Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005), *citing Chambers v. Conaway*, 883 S.W.2d 156, 158 (Tex. 1993) (expert evidence is required to show a breach of the standard of care and proximate cause in medical negligence case brought under Texas law). Assuming that Rule 26(a)(2) requires a party to designate an expert witness separate and apart from providing the opposing party with a copy of the expert's written report, the court determines that plaintiff's failure to comply with this rule was harmless. Defendant knew that plaintiff had retained Dr. Ippolito as a testifying expert on or about May 21, 2007 when it received a copy of his written report. This was *six months* before the November 21, 2007 deadline for designating experts, *seven months* before the December 21, 2007 deadline for designating rebuttal experts, and *nine months* before the February 22, 2008 deadline for filing dispositive motions. Having timely received a written report from Dr. Ippolito, defendant is hard-pressed to argue that it has been harmed by plaintiff's failure to formally designate this expert in a separate pleading.

For these reasons, defendant's motion for summary judgment [Doc. #13] is denied. The court will set this case for trial by separate order.

SO ORDERED.

DATED: February 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE