IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENN CROSS, as Next Friend of James Cross | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-07-CV-0285-BD |
| SENIOR LIVING PROPERTIES, LLC d/b/a CEDAR HILL HEALTHCARE CENTER | § § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Defendant Senior Living Properties, LLC d/b/a Cedar Hill Healthcare Center has filed a motion to strike plaintiff's untimely demand for a jury trial. Plaintiff opposes the motion, but offers no explanation for his tardiness in making a jury demand. The parties were given an opportunity to brief their respective positions in a joint status report and the motion is ripe for determination.

The court notes at the outset that plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 38(b). That rule provides:

> On any issue triable of right by a jury, a party may demand a jury trial by:
>
> > (1) serving the other parties with a written demand--which may be included in a pleading--no later than 10 days after the last pleading directed to the issue is served; and
> >
> > (2) filing the demand in accordance with Rule 5(d).

FED. R. CIV. P. 38(b). In cases removed to federal court where neither party has made an express demand for a jury trial in accordance with state law, "a party entitled to a jury trial under Rule 38

must be given one if the party serves a demand within 10 days after . . . it is served with a notice of removal filed by another party." FED. R. CIV. P. 81(c)(3)(B). Here, neither party demanded a jury trial while this case was pending in state court. When defendant removed the action to federal court on February 12, 2007, it indicated on the Civil Cover Sheet that no jury demand had been made. Moreover, in their Joint Status Report filed on April 20, 2007, both parties acknowledged that "[a] jury has not been demanded." It was not until March 12, 2008--more than a year after defendant served its notice of removal--that plaintiff demanded a jury trial. The court therefore concludes that plaintiff waived his right to a jury trial under Rule 38.

Notwithstanding this waiver, the court has discretion to order a jury trial "on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). This discretion should be exercised in favor of granting a jury trial absent "strong and compelling reasons to the contrary." *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985). *See also Bush v. Allstate Insurance Co.*, 425 F.2d 393, 396 (5th Cir.), *cert. denied*, 91 S.Ct. 64 (1970). Among the factors the court must consider are: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would disrupt the court's schedule or that of the opposing party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in requesting a jury trial; and (5) the reason for the delay. *See Daniel International Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064-65 (5th Cir. 1990).

Most of these factors weigh heavily in favor of a jury trial. A jury is better suited to resolve the disputed facts which lie at the heart of this personal injury healthcare liability case. There is no evidence of prejudice to defendant and the court's schedule will not be disrupted if the case is tried to a jury.[1] It is true that plaintiff waited 13 months to make a jury demand and has offered no

---

[1] The case is specially set for trial on October 20, 2008.

explanation for its tardiness. However, this unexcused delay, standing alone, is not a "strong and compelling" reason for depriving plaintiff of his Seventh Amendment right to trial by jury. The court therefore exercises its discretion under Rule 39 to allow plaintiff's untimely jury demand. *See Polywell International, Inc. v. Hauppauge Computer Works, Inc.*, No. 3-02-CV-0764-BD, 2003 WL 22176616 at *2 (N.D. Tex. Sept. 22, 2003) (Kaplan, J.) (failure of defendant to adequately explain 17-month delay in requesting jury trial was not "strong and compelling reason" for denying right to trial by jury).[2]

For these reasons, defendant's motion to strike plaintiff's demand for a jury trial [Doc. #33] is denied.

SO ORDERED.

DATED: March 24, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant argues that, as part of the Joint Status Report filed on April 20, 2007, the parties consented to a bench trial before the magistrate judge. (*See* Def. Mot. at 3). The question posed by the court, before this case was transferred to the magistrate judge, was "[w]hether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Jeff Kaplan." In their Joint Status Report, the parties responded, "Plaintiff and Defendant will consent to trial before U.S. Magistrate Judge Jeff Kaplan." (Jt. Stat. Rep., 4/20/07 at 3, ¶ 15). Although another section of the report indicates that "[a] jury has not been demanded," (*Id.* at 3, ¶ 12), the parties never limited their consent to a bench trial.